IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**
    v.

                                      Criminal No. 06-22
                                      ELECTRONICALLY FILED

**HAROLD NOVICK, JR.**

## MEMORANDUM ORDER OF COURT RE: PRO SE DEFENDANT'S MOTION TO LIFT DETAINER (DOC. NO. 70)

Presently before this Court is *Pro Se* Defendant's Motion to Lift Detainer. Doc. No. 70. On September 8, 2006, after pleading guilty, Defendant was sentenced by the United States District Judge Hardiman to 60 months imprisonment for violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Doc. No. 34. On December 7, 2007, Defendant was re-sentenced by this Court to time served after consideration of a Government motion. Doc. No. 46.

On October 28, 2009, this Court issued a bench warrant (which was lodged as a detainer) and scheduled a revocation hearing for November 6, 2009, based upon a petition for supervised release action, filed by the United States Probation Office. Doc. No. 52. The Petition detailed that Defendant had been arrested by local law enforcement on two different occasions for:

- Criminal conspiracy in the possession and possession with intent to deliver marijuana and possession of marijuana (arrested on February 22, 2008; scheduled for non-jury trial in state court on October 22, 2009); and

- Possession and possession with intent to deliver cocaine (arrested on October 17, 2009; scheduled for preliminary hearing in state court on October 27, 2009).

1

During the supervised release revocation hearing, the Court found that Defendant had violated several conditions of his supervised release, including that he shall not commit another federal, state, or local crime. Doc. No. 61. The Court sentenced Defendant to a term of imprisonment of 24 months, with no further supervision to follow. Id. Defendant was returned to state custody following the revocation hearing. Doc. No. 72-4.

Presently before this Court is Defendant's Motion, in which he moves this Court to order that his incarceration in state institutions since October 22, 2009, be deemed to satisfy this Court's federal sentence for violation of his supervised release violations and to lift the federal detainer that is lodged against him. Doc. No. 70. Defendant notes that he has been paroled to be released on January 12, 2015, and this Court did not specify that the 24 month sentence be served consecutively to any sentence that he would receive for violations of state law. Id. The Government opposes this Motion. Doc. No. 72.

The Court finds that Defendant has not demonstrated that he was in federal custody during the contested time period. As noted by the Government, it had to utilize a writ of habeas corpus to obtain Defendant's presence of the revocation hearing. See Doc. No. 72-4.

Further, Defendant has not demonstrated that he has exhausted administrative remedies as to this matter. *See United States Romero*, 348 F. App'x 803, 804 (3d Cir. 2009) *citing United States v. Brann*, 990 F.2d 98, 103-04 (3d Cir. 1993). (" . . . district courts do not have jurisdiction to hear an application for credit for time served until a defendant has exhausted his administrative remedies by seeking credit from the Bureau of Prisons and Attorney General.").

Finally, this Court will not retroactively order that the sentence imposed be run concurrently to the state sentence because the Court finds that the sentence imposed was and is

2

the most appropriate sentence in light of the sentencing factors and the goals of sentencing. See 18 U.S.C. § 3553(a).

Therefore, this 16th day of December, 2014, IT IS HEREBY ORDERED THAT Defendant's *Pro Se* Motion to Lift Detainer (Doc. No. 70) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties

Mr. Harold Novick, Jr.
[JM-5709]
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652